# REPLY BRIEF FOR THE APPELLANT, THE UNITED STATES

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE FEDERAL CIRCUIT

---

No. 05-5046

---

MARRIOTT INTERNATIONAL RESORTS, L.P.
and MARRIOTT INTERNATIONAL JBS CORPORATION,

Plaintiffs-Appellees

v.

UNITED STATES,

Defendant-Appellant

---

Appeal from the United States Court of Federal Claims
in consolidated cases nos. 01-CV-256 and 01-CV-257,
Judge Charles F. Lettow

---

EILEEN J. O'CONNOR
Assistant Attorney General

RICHARD T. MORRISON
Deputy Assistant Attorney General

GILBERT S. ROTHENBERG (202) 514-3361
JONATHAN S. COHEN (202) 514-2970
JOAN I. OPPENHEIMER (202) 514-2954
Attorneys
Tax Division
Department of Justice
Post Office Box 502
Washington, D.C. 20044

Attorneys for the Appellant

C. In arguing that agency head review is necessary to balance the Government's interest in secrecy and the litigant's need for the documents, the Partnership misunderstands the requirements for invoking the deliberative process privilege and the roles of the Government and the court

The Partnership urges (Br. 7) that requiring the agency head to invoke the deliberative process privilege is an essential procedural safeguard to ensure that the agency's need for secrecy is balanced against the opponent's right to justice and the public's right to know. Similarly, the amicus curiae assert (Amicus Br. 7) that the affidavit of the agency head is necessary to show "why or how disclosure of the documents would cause serious agency harm."

These arguments reflect a misunderstanding of the grounds for invoking the deliberative process privilege and a misunderstanding of the Government's and the court's roles. A Government agency from whom privileged communications are sought is not responsible for balancing its need for confidentiality against a litigant's need for the relevant documents and testimony. That is the court's role. One district court explained the judicial role as follows (Mobil Oil Corp. v. Department of Energy, 102 F.R.D. 1, 5 (N.D.N.Y. 1983)):

> Once the privilege is properly invoked and the court determines that the material falls within the predecisional privilege, the court must engage in a balancing test to determine whether to compel release of the information.

Accord McClelland, 606 F.2d at 1290 ("the court must balance the extent of that need [for the document] against the strength of the privilege claimed"); Exxon Corp v. Department of Energy, 91 F.R.D. 26, 43 (N.D. Tex. 1981) (the court "balance[s] on an ad hoc basis, the individuals need for the material against the injury to the Government's consultative processes caused by disclosure"). See Russell Weaver & James Jones, The Deliberative Process Privilege, 54 Mo. L. Rev. 279, 315 & n.183 (1989).

The Government's only responsibility is to insure that the documents for which the deliberative process privilege is claimed are properly subject to the privilege. A document is subject to the privilege when it is both predecisional and deliberative.11/ See In re Sealed Case, 121 F.3d 729, 737 (D.C. Cir. 1997); Walsky Const. Co. v. United States, 20 Cl. Ct. 317, 320 (1990); CACI Field Services, Inc. v. United States, 12 Cl. Ct. 680, 687 (1987). As the Court of Federal Claims explained (Vons Cos. v. United States, 51 Fed. Cl. 1, 22-23 (2001), modified on other grounds, 89 A.F.T.R.3d 2002-301 (Fed. Cl. 2001)):

> [T]he Supreme Court recognized that within the scope of the executive privilege exists a deliberative process privilege. . . . To qualify for this exception, the information sought must be predecisional. . . . And, it must truly be deliberative. . . . Notably, this privilege has been held applicable to

11/ The Partnership concedes (Br. 16) that identifying documents that are deliberative and predecisional "indeed is a task that could and should be performed by lower-level agency personnel."

> drafts of revenue rulings and accompanying background materials that predate the issuance of the ruling.

Accord Abramson, 39 Fed. Cl. at 294 ("Following proper assertion of the privilege, the Government must then satisfy its two fundamental legal requirements). There is no requirement that the Government must show "serious agency harm" (Amicus Br. 7) to invoke the privilege.

D. A high-level subordinate can properly invoke the deliberative process privilege, as was done here

The Partnership and the amicus curiae contend (Br. 46; Amicus Br. 5) that only the agency head has the perspective to invoke the deliberative process privilege responsibly and to provide adequate assurance to the courts that the withheld documents are indeed privileged. Because Ms. Stevens, the Commissioner's delegate, claimed privilege for 339 documents comprising over 4,000 pages, the Partnership suggests (Br. 25-26) that she invoked the privilege injudiciously, and that the Commissioner would invoke the privilege for fewer documents. This contention overlooks the Partnership's extraordinary demand for vast numbers of intra-agency documents, which necessitated the claims of privilege in this case.

The discovery requests for intra-agency documents in this case and in a related case -- Jade Trading, LLC v. United States, 65 Fed. Cl. 487 (2005) -- appear to greatly exceed the discovery

CONCLUSION

For the foregoing reasons and the reasons in our opening brief, the Court of Federal Claims order is incorrect and should be reversed.

Respectfully submitted,
EILEEN J. O'CONNOR
Assistant Attorney General

RICHARD T. MORRISON
Deputy Assistant Attorney General

GILBERT S. ROTHENBERG (202) 514-3361
JONATHAN S. COHEN (202) 514-2970
JOAN I. OPPENHEIMER (202) 514-2954
Attorneys
Tax Division
Department of Justice
Post Office Box 502
Washington, D.C. 20044

AUGUST 2005