# APPELLANT'S RESPONSE TO PETITION FOR REHEARING EN BANC

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

No. 05-5046

MARRIOTT INTERNATIONAL RESORTS, L.P.
and MARRIOTT INTERNATIONAL JBS CORPORATION,

Plaintiffs-Appellees

v.

UNITED STATES,

Defendant-Appellant

Appeal from the United States Court of Federal Claims
in consolidated cases nos. 01-CV-256 and 01-CV-257,
Judge Charles F. Lettow

EILEEN J. O'CONNOR
*Assistant Attorney General*

RICHARD T. MORRISON
*Deputy Assistant Attorney General*

GILBERT S. ROTHENBERG (202) 514-3361
JONATHAN S. COHEN (202) 514-2970
JOAN I. OPPENHEIMER (202) 514-2954
*Attorneys*
*Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

Attorneys for the Appellant

relies (Pet. 8 n.4), appear to exceed by a wide margin the discovery requests in other reported cases in which the deliberative process privilege was invoked.[10]

Also without merit is Marriott's contention (Pet. 10-11) that the panel's decision will impose an enormous burden on the courts by shifting to them the obligation to balance the harm to Government interests caused by disclosure against the litigant's need for the documents. This argument reflects Marriott's fundamental misunderstanding of the grounds for invoking the deliberative process privilege and its misunderstanding of the role of the Government and of the court.

The Government is not required to show that disclosure of documents would cause "serious harm to vital Governmental interests" in order to invoke the deliberative process privilege, as Marriott erroneously contends. (Pet. 9.) Indeed, Marriott has failed to cite a single case in support of the alleged "serious harm" requirement. The Government's only responsibility is to insure that the documents for which the deliberative process privilege is claimed are properly subject to the privilege, *i.e.*, that they are both predecisional and deliberative.[11]

[10] The discovery requests in other cases in which the deliberative process privilege was invoked were narrower. *See, e.g., Zenith Radio Corp. v. United States*, 764 F.2d 1577, 1578 (Fed. Cir. 1985) (discovery request for all documents and the substance of all communications on the question whether interest would or should accrue on the importers' debts under the settlement agreement; privilege claimed for 15 documents); *Walsky*, 20 Cl. Ct. at 318 (discovery request for two reports stemming from an investigation of the Air Force's contract administration; privilege claimed for these documents).

[11] In Delegation Order No. 220, the IRS has done more than the law requires in limiting invocation of the deliberative process privilege to "those internal or inter-

(continued...)

*See In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997); *Walsky*, 20 Cl. Ct. at 320; *CACI Field Services, Inc. v. United States*, 12 Cl. Ct. 680, 687 (1987). As the Court of Federal Claims has explained (*Vons Cos. v. United States*, 51 Fed. Cl. 1, 22 (2001), *modified on other grounds*, 89 A.F.T.R.3d 2002-301 (Fed. Cl. 2001)):

> [T]he Supreme Court recognized that within the scope of the executive privilege exists a deliberative process privilege. . . . To qualify for this exception, the information sought must be predecisional. . . . And, it must truly be deliberative. . . . Notably, this privilege has been held applicable to drafts of revenue rulings and accompanying background materials that predate the issuance of the ruling.

*Accord Abramson*, 39 Fed. Cl. at 294 ("Following proper assertion of the privilege, the Government must then satisfy its two fundamental legal requirements"). The disclosure of documents that are deliberative and predecisional is *per se* harmful to the Government, because it has a chilling effect upon the "open, frank discussion between subordinate and chief concerning administrative action" and the rendering of advice "as free from bias or pressure as possible." *Kaiser Aluminum*, 157 F. Supp. at 946.

A Government agency from whom privileged communications are sought is not responsible for balancing its need for confidentiality against a litigant's need for the relevant documents and testimony. That is the court's role. If the

---

[11](...continued)
agency records or information that are predecisional and deliberative, the disclosure of which would significantly impede or nullify Internal Revenue Service actions in carrying out a responsibility or function or would constitute an unwarranted invasion of personal privacy." (A. 338.)

Government has properly invoked the privilege, it is the court's job to determine if the litigant has a compelling need for the documents that warrants disclosure. One district court explained the judicial role as follows (*Mobil Oil Corp. v. Department of Energy*, 102 F.R.D. 1, 5 (N.D.N.Y. 1983)):

> Once the privilege is properly invoked and the court determines that the material falls within the predecisional privilege, the court must engage in a balancing test to determine whether to compel release of the information.

*Accord McClelland*, 606 F.2d at 1290 ("the court must balance the extent of that need [for the document] against the strength of the privilege claimed"); *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 43 (N.D. Tex. 1981) (the court "balance[s] on an ad hoc basis, the individuals [sic] need for the material against the injury to the Government's consultative processes caused by disclosure"). Thus, Marriott's argument that the panel's decision will shift responsibilities from the Government to the courts is devoid of merit.

**D. Neither this Court's "unique docket" (Pet. 13) nor the conflict in the circuits is a basis for granting rehearing en banc**

The conflict in the circuits on the question whether invocation of the deliberative process privilege can be delegated does not warrant rehearing en banc. This conflict predated this case, and rehearing en banc cannot resolve it. And Marriott's assertion that the panel's decision "will be closely reviewed and widely followed by virtually the entire federal Government" (Pet. 14), if true, does no more than state the obvious. The issue is an important one, and the Court

presumably recognized this in granting interlocutory review. But this, by itself, does not warrant review by the full Court.

## CONCLUSION

The petition for rehearing en banc should be denied.

Respectfully submitted,

EILEEN J. O'CONNOR
*Assistant Attorney General*

RICHARD T. MORRISON
*Deputy Assistant Attorney General*

Joan I. Oppenheimer

GILBERT S. ROTHENBERG (202) 514-3361
JONATHAN S. COHEN (202) 514-2970
JOAN I. OPPENHEIMER (202) 514-2954
*Attorneys*
*Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

Attorneys for the Appellant

APRIL 2006