**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| KLAMATH STRATEGIC INVESTMENT FUND, LLC, By and through ST. CROIX VENTURES, LLC (Managing Member), Plaintiff, | ' | CASE NO. 5:04-CV-278-TJW |
| v. | ' | |
| | ' | (Consolidated with Kinabalu v. United States, Civil Case No. 5:04-CV- 00279-TJW) |
| UNITED STATES OF AMERICA, Defendant. | ' | |

SECOND DECLARATION OF MARGO L. STEVENS

I, Margo L. Stevens, pursuant to the provisions of 28 U.S.C. § 1746, state:

1. As the Assistant Chief Counsel (Disclosure & Privacy Law) in the Office of Associate Chief Counsel (Procedure & Administration), Office of Chief Counsel, Internal Revenue Service (Service), I have been delegated the authority to claim executive privilege on behalf of the Service with respect to its documents or information in actions before this Court, pursuant to Delegation Order No. 220 (Rev. 3), IRM 1.2.53.6, signed by the Commissioner of Internal Revenue and effective April 16, 1997. The Delegation Order specifies the Commissioner's standards and procedures required to be applied, including policy considerations, in making a determination whether to assert executive privilege as a basis for protecting internal or inter-agency records that reflect recommendations, advisory opinions, and deliberations, which comprise the process by which governmental decisions and policies are formulated.

3. I have been informed that plaintiff's First Request for Production of Documents, dated November 2, 2005, sought, *inter alia*, the production of

documents pertaining to the development of Treasury Regulation § 1.701-2. In a prior refund litigation action, styled as *Jade Trading, LLC, by and through Robert W. Ervin and Laura Kavanaugh Ervin on behalf of Ervin Capital LLC, Partners Other Than the Tax Matters Partner v. United States*, No. 03-2164T, in the United States Court of Federal Claims, plaintiffs in that action sought these same documents. The documents identified as responsive to the document production request in *Jade Trading*, which are also responsive to plaintiff's First Request for Production of Documents, dated November 2, 2005, were prepared and/or considered by the Office of Chief Counsel prior to the publication of the proposed Income Tax Regulations section 1.701-2 on May 14, 1994, and Treasury Decision 8588 on December 29, 1994.

4. Based upon the thorough review of the documents at issue by attorneys in the Office of the Associate Chief Counsel (Passthroughs and Special Industries), the information provided to me by those attorneys, and my own personal review of the documents, I determined to assert the claim of executive privilege with respect to certain documents, or portions of certain documents, that are thoroughly described in paragraph 8 of the Second Declaration of Margo L. Stevens, executed on January 10, 2005. A copy of this Second Declaration is attached as Exhibit A to this declaration.

5. Based upon my earlier personal review of each of the documents for which I asserted executive privilege in *Jade Trading*, I have determined to assert the claim of executive privilege for these same documents in the instant action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 21st day of July, 2006, in Washington, D.C.

MARGO L. STEVENS
Assistant Chief Counsel
(Disclosure and Privacy Law)
Office of Chief Counsel
Internal Revenue Service
Washington, D.C.
Tel: (202) 622-4560

# Exhibit A

## Second Declaration of Margo L. Stevens
## (July 21, 2006)

**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JADE TRADING, LLC,<br>by and through ROBERT W. ERVIN and<br>LAURA KAVANAUGH ERVIN on behalf of<br>ERVIN CAPITAL, LLC,<br>Partners Other Than the Tax Matters Partner | ) | |
| Plaintiffs, | ) | No. 03-2164T |
| v. | ) | (Judge Mary Ellen Coster Williams) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**SECOND DECLARATION OF MARGO L. STEVENS**

MARGO L. STEVENS certifies as follows:

1. I am the Assistant Chief Counsel (Disclosure and Privacy Law) in the Office of Associate Chief Counsel (Procedure and Administration), Office of Chief Counsel, Internal Revenue Service (Service). This declaration supplements the declaration I executed on December 23, 2004, asserting executive privilege for the documents in the plaintiffs' administrative files.

2. I have been informed by attorneys in the Office of the Associate Chief Counsel (Passthroughs and Special Industries) that, as part of this action, plaintiffs served on defendant, pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, Plaintiffs' First and Second Requests for Production of Documents, on June 25, 2004 and August 24, 2004, respectively.

3. I have been informed by attorneys in the Office of the Associate Chief Counsel

(Passthroughs and Special Industries) that, in response thereto, representatives of the Office of the Associate Chief Counsel (Passthroughs and Special Industries) conducted, or caused to be conducted, searches of the Service's files seeking responsive documents. The searches were performed by, or at the direction of Stacy L. Short, Michael J. Goldman, and Jolene Shiraishi, attorneys in the Office of the Associate Chief Counsel (Passthroughs and Special Industries) in the following manner: (1) Ms. Shiraishi sent a request via electronic mail to attorneys and reviewers in Passthroughs and Special Industries branches 1, 2 and 3 (which have subject matter jurisdiction over subchapter K and sections 701 *et seq.* of the Internal Revenue Code ("I.R.C.")), and asked that they conduct a search within their offices/files for responsive documents; (2) Ms. Short obtained the official file for Treasury Decision 8588; and (3) Ms. Shiraishi and Mr. Goldman then reviewed the responsive materials which had been collected. I am further informed by attorneys in the Office of the Associate Chief Counsel (Passthroughs and Special Industries) that these searches resulted in the location of documents which may be responsive to both the Plaintiff's First Request for Production of Documents dated June 25, 2004, and the Plaintiffs' Second Request for Production of Documents dated August 24, 2004.

4. I have also been informed by attorneys in the Office of the Associate Chief Counsel (Passthroughs and Special Industries) that certain documents were located for which the Office of the Associate Chief Counsel (Passthroughs and Special Industries) recommends the assertion of executive privilege for documents or portions of certain documents. The Office of the Associate Chief Counsel (Passthroughs and Special

Industries), following its review of the documents at issue, provided me information regarding the nature of such documents and the context(s) in which they were generated. In actions for refund brought in the United States Court of Federal Claims and the United States district courts in which partnership issues are present, the Associate Chief Counsel (Passthroughs and Special Industries) is responsible for determining the Service's litigating position, for advising and assisting the Department of Justice as to the facts and the law, and for preparing recommendations concerning defense. A complete description of the duties of the Associate Chief Counsel (Passthroughs and Special Industries) is published in the Chief Counsel Directives Manual at CCDM 30.3.1.2.3.10 (March 21, 1994); a true and correct copy is attached hereto as Exhibit A.

5. Based upon the thorough review of the documents at issue by attorneys in the Office of the Associate Chief Counsel (Passthroughs and Special Industries), the information provided to me by the Office of the Associate Chief Counsel (Passthroughs and Special Industries), and my own personal review of these documents, I have determined to assert the claim of executive privilege with respect to certain documents or portions of certain documents more thoroughly described herein at paragraph 8. Should the Court determine the withheld documents or portions thereof to be relevant and that no other evidentiary or statutory privileges apply, I am claiming executive privilege.

6. When the Service asserts a formal claim of executive privilege with respect to predecisional/deliberative documents, the privilege is claimed only to protect those intragovernmental documents reflecting advisory opinions, recommendations, and deliberations which comprise part of the process by which agency decisions and policies

are formulated. The agency does not seek to protect documents containing factual matters unless such factual matters are so intertwined with advisory opinions, recommendations, conclusions, or reasoning by Government officials that the factual material cannot be excised from the privileged material or unless the factual matter itself, through its selection and distillation by the author, would reveal the author's mental processes or the agency's deliberations. The privilege is not claimed to protect all opinions, conclusions, mental impressions, and thought processes of Government officials, but only those whose disclosure would interfere with vital Government functions or would cause injury to the quality of agency decisions.

7. When the Service asserts a formal claim of executive privilege with respect to predecisional/deliberative documents, the agency first considers whether the document falls within the scope of the deliberative process privilege; that is, whether the document was generated before the adoption of an agency policy or position and whether the document reflects the give-and-take of the consultation process leading up to the formulation of an agency policy or position. The agency also considers whether the document is recommendatory in nature or is a draft of what may become a final document; whether the document weighs the pros and cons as to the agency's ultimate adoption of one viewpoint or another; and whether the material is so candid or personal in nature that public disclosure is likely in the future to stifle honest and frank communication within the agency. Consequently, the agency considers protecting recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy or position of the agency. These

types of documents could inaccurately reflect or prematurely disclose the views of Government officials, suggesting an agency position which is, as yet, only a personal position. Disclosure of documents containing reasons and rationales that were not ultimately relied upon by the agency in reaching its decision(s) could create public confusion.

8. The following documents were prepared and/or considered by the Office of Chief Counsel prior to the publication of the proposed Income Tax Regulations section 1.701-2 on May 17, 1994, and Treasury Decision 8588 on December 29, 1994.

The production of the withheld documents, or portions thereof, more fully described below, would inhibit the frank and honest discussion of legal and policy matters and thus would adversely affect the quality of the Service's decisions and policies. Furthermore, disclosure of the withheld documents, or portions thereof, would reveal opinions of Office of Chief Counsel, Office of the Assistant Secretary (Tax Policy) at the Department of the Treasury, as well as other Department of Treasury, personnel at many levels at a time when the opinions were not fully developed and the issues were still being debated. None of the withheld documents, or portions thereof, represents a statement of agency policy or a final decision and release of the withheld information could, therefore, result in confusion to the public. Disclosure of the withheld information would adversely affect the Service's ability to administer and enforce the law under subchapter K of the Internal Revenue Code at all levels, from voluntary compliance and examination to appeals and litigation. By way of example, taxpayers may choose to argue that the Service must defend positions that were not adopted, or that consideration of a position

not adopted demonstrates the reasonableness of a taxpayer's position.

Documents which are potentially responsive to both Plaintiffs' First Request for Production of Documents dated June 25, 2004, and Plaintiffs' Second Request for Production of Documents dated August 24, 2004, that are subject to a claim of executive privilege are :

**Bates Nos. 13-14**. Memorandum, consisting of 2 pages, dated December 7, 1994, from Fred Grundeman, Attorney, Passthroughs and Special Industries, to Maura Sullivan, Staff Assistant to the Assistant Chief Counsel (Passthroughs and Special Industries), containing his comments regarding a December 5, 1994, draft of the final regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's comments regarding the draft final regulations.

**Bates No. 16**. Document, consisting of a single page, dated November 30, 1994, prepared by Claire E. Toth, addressing the issue of classification of family limited liability companies in the wake of the proposed regulations under section 701. The document sets forth alternative ways in which the Service may proceed on the particular ruling request. The Service asserts executive privilege for the entire document because it consists of the author's opinions and interpretations. The document also contains a description of the members of the family limited partnership and a description of the proposed business activities taken from a third party taxpayer's submission of a private letter ruling request. This information is also return information, which is barred from disclosure by I.R.C. § 6103.

**Bates Nos. 18-26**. Draft of the text of final regulations under section 701, consisting of 8 pages, dated November 14, 1994, with handwritten comments of Glen Kohl and Michael Thomson (both of the Office of the Tax Legislative Counsel, Office of the Assistant Secretary (Tax Policy) at Treasury), throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 28-29**. Document, consisting of 2 pages, prepared by Claire E. Toth, dated November 9, 1994, highlighting the distinctions between Treasury's and the IRS's versions of the proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of draft language of the final regulations and the author's views on what she sees as the significant

areas of disagreement.

__Bates No. 30__. Memorandum from D. Lindsay Russell, Attorney, Passthroughs and Special Industries, to Claire E. Toth, Dianna Miosi, Senior Technician Reviewer, Passthroughs and Special Industries, and Mary Berman, Attorney, Passthroughs and Special Industries, dated November 10, 1994, consisting of 2 pages, highlighting Mr. Russell's concerns with Treasury's rewrite of a draft of the final regulations under section 701, dated November 9, 1994. The Service asserts executive privilege for the entire document because it consists of draft language of the final regulations and the author's comments on particular aspects of Treasury's draft language and concerns he believes such language will cause if adopted.

__Bates Nos. 31-35__. Memorandum from Claire E. Toth to her colleagues and supervisors in Passthroughs and Special Industries, dated July 7, 1994, consisting of 5 pages, rebutting certain public comments regarding the proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's selective recounting of the public commentator's criticisms, the author's reactions to the comments and her recommendations as to how the Service should proceed in promulgating the final regulations.

__Bates No. 36__. Memorandum from Lou Carlow, Acting Assistant Commissioner (International) to Michael Danilack, Assistant to the Commissioner, dated May 11, 1994, consisting of 1 page, regarding the opinion of Examination personnel in the field with regard to the proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of draft language of the proposed regulations and the author's comments on the draft proposed regulations.

__Bates Nos. 39-40__. Memorandum from Thomas Hines, Senior Technician Reviewer, Passthroughs and Special Industries, to Paul F. Kugler, dated April 18, 1994, consisting of 2 pages, addressing specific language in the draft proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's recommended approach to be taken (and the language proposed) in the subsequent drafts of the proposed regulations.

__Bates Nos. 41-49__. Draft of a memorandum to Paul F. Kugler, undated, drafted by Mary Berman, for the signature of Claire E. Toth, titled, "Authority to issue a general subchapter K anti-abuse regulation." The Service asserts executive privilege for the entire document because it consists of the author's views regarding the potential breadth and scope of the proposed regulations then under consideration.

**Bates Nos. 55-85**. Draft of final regulations under section 701, consisting of 31 pages, dated December 2, 1994, with handwritten comments by Scott Hargis, Attorney, Field Service, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 86**. Memorandum from Monte A. Jackel to Stuart L. Brown, Chief Counsel, dated December 29, 1994, copied to Paul Kugler and Glen Kohl, responding to concerns raised by Mr. Brown at a December 15, 1994, meeting on the language used in the preamble of the draft final regulations. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding, and draft language used for, the final regulations.

**Bates No. 88**. Email from Claire E. Toth to Mary Berman, dated December 19, 1994, forwarding an email from Victor Penico, Chief, Branch 3, Corporate, highlighting his concern about the potential application of the draft regulations and his recommended way of addressing that concern in the preamble of the final regulations. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding, and draft language used for, the final regulations.

**Bates No. 102**. Page 6 of the preamble of draft final regulations under section 701, undated, with handwritten comments by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 104-130**. The text portion (pages 23 through 49) of draft final regulations under section 701 in redline format, dated December 9, 1994, with a handwritten notation that this redline version is a comparison to the proposed regulations issued under section 701. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 132-152**. The text portion (pages 14 through 35) of draft final regulations under section 701, undated, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 154**. Email from Claire E. Toth to Michael Thomson, dated December 8, 1994, regarding an example in the draft final regulations under section 701. The Service asserts executive privilege for the entire document because it consists of

the author's opinions regarding the draft language for the final regulations, and reflects a response by Monte Jackel to a suggested change in an example that Michael Thomson had proposed.

**Bates No. 156**. Email from Claire E. Toth to Michael Thomson, dated December 4, 1994, regarding an example in the draft final regulations under 701. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the draft language for the final regulations.

**Bates Nos. 158-159**. Email chain among Margaret O'Connor, Attorney, International, Claire E. Toth and Mary Berman (some of which were copied to other Counsel personnel participating in the drafting of the final regulations), dated December 2, 1994, consisting of 2 pages, regarding an example in the draft final regulations. The Service asserts executive privilege for the entire document because it consists of the authors' opinions regarding the scope of, and draft language for, the final regulations.

**Bates No. 160**. Same email chain among Claire E. Toth, Margaret O'Connor and Mary Berman as the document described at Bates Nos. 158-159, with an additional exchange, dated December 2, 1994, consisting of 2 pages, regarding an example in the draft final regulations. The Service asserts executive privilege for the entire document because it consists of the authors' opinions regarding the scope of, and the draft language for, the final regulations.

**Bates Nos. 162-163**. Draft of an example for possible inclusion in the final regulations under section 701, dated December 1, 1994, consisting of 2 pages, transmitted via the email described at Bates No. 161.[1] The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates No. 166**. Email from Monte A. Jackel to Claire E. Toth, dated September 26, 1994, containing his comments regarding the draft final regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the draft language for the final regulations.

**Bates No. 171**. Cover memorandum for the draft final regulations under section 701, from Dianna Miosi to Stuart L. Brown, (then) Associate Chief Counsel (Domestic), Robert Culbertson, Associate Chief Counsel (International), Michael Danilack, Paul C. Feinberg, Special Counsel to the Chief Counsel, Monte A.

[1] See Declaration of Eric Solomon, Acting Deputy Assistant Secretary (Tax Policy), Department of Treasury.

Jackel, James J. Keightley, Associate Chief Counsel (Litigation), Paul F. Kugler, Harve Lewis, Attorney, Passthroughs and Special Industries, Heather Maloy, Assistant to the Commissioner, Richard H. Manfreda, Deputy Assistant Chief Counsel (Passthroughs and Special Industries), Margaret O'Connor, Maura Sullivan, Claire E. Toth, and Curtis G. Wilson, Chief, Passthroughs and Special Industries Branch, Field Service, dated September 9, 1994, addressing changes to the prior version of the draft regulations. The Service asserts executive privilege with regard to the first paragraph of text because it consists of the author's opinion regarding the significant changes from prior versions in the language of the draft final regulations.

**Bates No. 172**. Email from Claire E. Toth to Mary Berman, dated August 31, 1994, containing comments regarding the draft final regulations under section 701. The Service asserts executive privilege for the top portion of the document because it consists of the author's opinions regarding the scope of, and draft language for, the final regulations.

**Bates Nos. 174-176, 192**. Attachment to a memorandum drafted by Mary Berman consisting of 4 pages, dated August 30, 1994, titled "Summary of Review of Examples from Commentators." The attachment highlights recommendations of public commentators and identifies possible problems with the comments and the IRS's proposed and tentative positions that may be taken in the final regulations then under consideration. The public comments are publicly available and have been delivered to plaintiffs in this case. The Service asserts executive privilege for the entire document because it consists of the author's opinions and interpretations. The commentators' recommendations are intertwined with the author's reactions and proposed ways in which the regulations should deal with the concerns expressed by the commentators.

**Bates No. 177**. Document prepared by Mary Berman, undated, consisting of 1 page, regarding umbrella partnership real estate investment trusts (UPREITS), containing the author's compilation of fact patterns of certain letter ruling requests then or recently pending; these fact patterns were considered for possible inclusion as examples in the draft final regulations. The Service asserts executive privilege for the entire document because it reflects possible language for inclusion in the draft final regulations.

**Bates No. 178**. Notes to Claire E. Toth from Mary Berman, undated, consisting of 1 page, regarding draft examples for possible inclusion in the draft final regulations under section 701 and a handwritten notation to Mary Berman from Claire E. Toth, regarding the changes she made to the draft final regulations. The Service asserts executive privilege for the entire document because it consists of the authors' opinions regarding the draft language of the final regulations.

**Bates No. 180**. Email among Maura Sullivan, Paul F. Kugler, Claire E. Toth, and Mary Berman, dated November 20, 1994, regarding a particular example for possible inclusion in the draft final regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the authors' opinions regarding the appropriateness of the inclusion of the example and its draft language for the final regulations.

**Bates No. 181**. Email, dated November 16, 1994, from Claire E. Toth to Dianne Miosi, Mary Berman and Lindsay Russell, forwarding an email from Michael Thomson (to Monte Jackel, Paul Kugler, Claire Toth, Paul Feinberg, and Michael Danilack, copied to Glen Kohl), attaching a revised draft of the final regulations which reflect comments received at an earlier meeting, and compares it with the proposed regulations. The Service asserts executive privilege for the entire document because it consists of the authors' opinions regarding the draft language of the final regulations.

**Bates No. 182**. Email, dated November 16, 1994, from Claire E. Toth to Dianne Miosi, Mary Berman and Lindsay Russell, forwarding an email from Michael Thomson (to Monte Jackel, Paul Kugler, Claire Toth, Paul Feinberg, and Michael Danilack, copied to Glen Kohl) attaching a revised draft of the final regulations, and highlighting changes from prior versions in anticipation of a meeting scheduled for later that day. The Service asserts executive privilege for the entire document because it consists of the authors' opinions regarding the draft language of the final regulations.

**Bates No. 188**. Email from Claire E. Toth to Mary Berman and Monte Jackel, dated September 30, 1994, regarding a particular example for possible inclusion in the draft final regulations under section 701. The Service asserts executive privilege for the entire document because it memorializes the opinions of Margaret O'Connor regarding the draft language for the final regulations.

**Bates No. 190**. Email from Claire E. Toth to Paul F. Kugler, dated September 29, 1994, regarding a particular example for possible inclusion in the draft final regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the draft language for the final regulations.

**Bates No. 191**. Email chain among Claire E. Toth, Mary Berman and Monte Jackel, dated September 28, 1994, regarding a particular example for possible inclusion in the draft final regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the draft language of the final regulations.

**Bates Nos. 193-221**. Chart drafted by Mary Berman consisting of 29 pages, titled "Section 701 Suggested Examples." The chart is undated. The Service asserts executive privilege for the entire document because it contains the author's perspective regarding fact patterns offered by outside commentators and their treatment under the version of the final regulations then under consideration, which might be included as examples in the final regulations.

**Bates No. 225**. Memorandum from Monte A. Jackel to "Partnership Group," undated, consisting of a single page, highlighting Mr. Jackel's preliminary thoughts on the scope of the partnership anti-abuse rule as it should be addressed in the draft regulations, with a notation in the upper right corner indicating that it was received at an "8/2" meeting. The Service asserts executive privilege for the entire document because it consists of the author's opinion regarding the draft language of the final regulations.

**Bates Nos. 237-266**. Pages 2 through 30 of a document, transmitted by cover memorandum dated July 13, 1994 (Bates No. 236, which was released to the plaintiffs), summarizing particular aspects of comments received from the American and Philadelphia Bar Associations. The Service asserts executive privilege for the entire document because it contains the author's perspective regarding pertinent legal authorities to be taken into consideration during the drafting of the regulations and fact patterns offered by these outside commentators, which might be included as examples in the final regulations, and how they would be treated under the version of the final regulations then under consideration.

**Bates Nos. 276-284**. Memorandum drafted by Lindsay Russell for the signature of the Chief, Branch 1, Passthroughs and Special Industries to Curtis G. Wilson, dated July 5, 1994, requesting a response regarding a transaction that may be of concern in light of the proposed anti-abuse regulations. The Service asserts executive privilege for the entire document because it consists of the author's summary of the proposed transaction and raises the question of whether the division should be concerned. The memorandum also contains the names, the tax year, percentage of loss allocations, country of origin and specific references to provisions in written agreements between the parties of third party taxpayers. This information is return information, which is barred from disclosure by I.R.C. § 6103.

**Bates No. 288**. Email from Monte A. Jackel to Claire E. Toth, dated June 23, 1994, regarding the scope of the draft final regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the scope of, and draft language for, the final regulations.

**Bates Nos. 290-292**. Three page outline titled "Proposed Partnership Anti-Abuse Regulation," undated, with handwritten notation by Lindsay Russell dated June 10, 1994. The outline provides reasons why the Service should act to promulgate final regulations. The Service asserts executive privilege for the entire document because it provides the author's recommendations for, and comments on the ramifications of, issuance of the final regulations

**Bates No. 297**. Email from Claire E. Toth to Paul C. Feinberg, copied to Paul Kugler and Monte Jackel, dated May 9, 1994, regarding inclusion of certain language in the draft proposed regulations. The Service asserts executive privilege for the entire document because it consists of the author's opinion regarding Treasury personnel's comments on the draft language of the proposed regulations. The email also contains the name of a third party taxpayer whose transaction was under examination by the Service. The name, and fact of examination, of this third party taxpayer is return information, which is barred from disclosure by I.R.C. § 6103.

**Bates No. 298**. Email from Claire E. Toth to Paul C. Feinberg, dated May 9, 1994, regarding the inclusion of certain draft language in the proposed regulations. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding Treasury personnel's comments on the draft language of the proposed regulations.

**Bates Nos. 299-335**. Memorandum from D. Lindsay Russell to Claire E. Toth, dated May 9, 1994, consisting of 37 pages, regarding selective examples in subchapter K regulations and whether the anti-abuse rules should apply to the examples. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the language of the draft final regulations and how the proposed regulations would affect the fact patterns culled from these selective examples.

**Bates No. 336**. Cover memorandum to a draft notice of proposed rule-making (NPRM) from Claire E. Toth, to Glen Kohl, Paul F. Kugler, Judith Dunn, Tax Legislative Counsel, Treasury, Monte A. Jackel, Richard H. Manfreda, Michael Danilack, Paul C. Feinberg, Michael Thomson, Maura Sullivan, Curtis G. Wilson, Margaret O'Connor, Mary Berman, and D. Lindsay Russell, dated May 5, 1994. The Service asserts executive privilege for the two full paragraphs of text that discuss changes to draft language of the proposed regulations and frames two unresolved issues to be considered by the recipients.

**Bates No. 337**. Email from Claire E. Toth to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, and Maura Sullivan, dated May 5, 1994, recapping a

meeting with Michael Thomson regarding the draft proposed regulations under section 701. The Service asserts executive privilege for the third sentence of the email because it reflects Michael Thomson's opinions regarding the draft language for the final regulations.

__Bates No. 338__. Email from Monte A. Jackel to Claire E. Toth, dated May 4, 1994, regarding the course of action he proposed be taken with respect to the possible inclusion of examples in the draft proposed regulations. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the scope of, and draft language for, the proposed regulations.

__Bates No. 339__. Phone message slips to Claire E. Toth and Mary Berman reflecting Margaret O'Connor's comments with respect to the draft proposed regulations under section 701, dated May 4, 1994. The Service asserts executive privilege for the portions of the document that consist of the reviewer's comments regarding the draft language for the proposed regulations

__Bates No. 341__. Email from David Haglund, Senior Technician Reviewer, Branch 6, Passthroughs and Special Industries, to Claire E. Toth, copied to Paul Kugler and Monte Jackel, dated April 29, 1994, offering comments on the April 20, 1994, draft of the proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the scope of, and draft language for, the proposed regulations.

__Bates No. 342__. Memorandum from D. Lindsay Russell to Mary Berman, dated April 13, 1994, consisting of 1 page, offering pros and cons as to the scope of the draft proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinion regarding the scope of, and draft language for, the proposed regulations

__Bates Nos. 344-347__. Memorandum from Claire E. Toth to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, Michael Thomson, Maura Sullivan, Mary Berman, and D. Lindsay Russell, dated April 7, 1994, consisting of 4 pages, titled "Partnership anti-abuse regulation issues memo." The Service asserts executive privilege for the entire document because it frames several issues as to the scope of the proposed regulations then under consideration by the recipients and reflects the author's views.

__Bates Nos. 348-353__. Draft of a NPRM under section 701, drafted by Mary Berman, dated April 8, 1994, consisting of 6 pages, with handwritten comments of an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments on such draft language.

**Bates Nos. 354-356**. Memorandum to File prepared by Claire E. Toth, dated April 29, 1994, consisting of 3 pages, outlining Ms. Toth's concerns with respect to the scope of the proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinion regarding the scope of, and draft language for, the proposed regulations.

**Bates No. 361**. Email from Margaret O'Connor to Claire E. Toth, dated April 21, 1994, offering comments on the draft proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding her concerns with, and the draft language for, the proposed regulations.

**Bates Nos. 363-366**. Memorandum from Claire E. Toth to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, Michael Thomson, Maura Sullivan, Arthur Ernst, Attorney, Passthroughs and Special Industries, Thomas Hines, William P. O'Shea, Chief, Branch 3, Passthroughs and Special Industries, Mary Berman, and D. Lindsay Russell, dated April 16, 1994, consisting of 1 page, offering pros and cons for drafting regulations under section 701, with handwritten comments of an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of the authors' opinions and concerns with the proposed regulations.

**Bates No. 367**. Document reflecting comments regarding a recent draft of the proposed regulations under section 701, undated, unattributed, with handwritten comments by an unidentified reviewer. (It appears to be a version of Bates Nos 371 and 372.) The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding an example for possible inclusion in, and the draft language for, the proposed regulations.

**Bates Nos. 368-370**. Memorandum from Claire E. Toth to Distribution (not identified in the document), dated April 6, 1994, consisting of 3 pages, outlining issues for consideration as Service and Treasury personnel begin drafting regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the authors' opinion regarding the scope of, and draft language for, the proposed regulations.

**Bates No. 371-372**. Document reflecting comments regarding a recent draft of the proposed regulations under section 701, undated, unattributed, consisting of 2 pages, with handwritten comments of an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of the authors' opinions regarding examples and draft language for the proposed regulations.

**Bates No. 373-375**. Memorandum from Claire E. Toth to Distribution (not identified in the document), dated April 6, 1994, consisting of 3 pages, outlining issues for consideration as Service and Treasury personnel begin drafting regulations under section 701 (there is an indication that this is an earlier version of Bates Nos. 363-366). The Service asserts executive privilege for the entire document because it consists of the author's opinion regarding the draft language of the proposed regulations.

**Bates No. 378-381**. Draft memorandum prepared by Mary Berman for the signature of Paul Kugler to Glen Kohl, undated, consisting of 4 pages, regarding abusive partnership transactions and various options in dealing with them. The Service asserts executive privilege for the entire document because it consists of the author's opinions regarding the scope of, and draft language for, the proposed regulations.

**Bates No. 712**. Meeting request dated December 12, 1994 from Claire E. Toth, to Mary Berman, Michael Danilack, Paul C. Feinberg, Monte A. Jackel, Glen Kohl, Paul F. Kugler, Harve Lewis, Richard H. Manfreda, Dianna Miosi, Margaret O'Connor, John Rooney, D. Lindsay Russell, Maura Sullivan, Michael Thomson and Heather Maloy requesting a meeting on the Partnership Anti-Abuse Regulations. The Service asserts executive privilege for the final sentence of the Background section because it contains the author's opinions about the direction of the draft final regulations.

**Bates Nos. 713-715**. Briefing memorandum drafted by Claire E. Toth, dated December 12, 1994, consisting of 3 pages, in anticipation of a December 12, 1994, meeting among Counsel participants to discuss a draft of the final regulations under section 701. The briefing memorandum contains handwritten notations from an unidentified recipient. The Service asserts executive privilege for the entire document because it consists of the author's and commentators' opinions about the direction of the draft, responses to commentators, and how this draft differs from prior versions and the reasons therefor.

**Bates Nos. 717-719**. Briefing memorandum drafted by Claire E. Toth dated December 12, 1994, consisting of 3 pages, in anticipation of a December 12, 1994, meeting to discuss a draft of the final regulations under section 1.701-2. It is a different version of the briefing memorandum than Bates Nos. 915-917. The Service asserts executive privilege for the entire document because it consists of the author's and commentators' opinions about the direction of the draft, responses to commentators, and how this draft differs from prior versions and the reasons therefor.

**Bates Nos. 720-722**. Conference report regarding a December 15, 1994 joint briefing drafted by D. Lindsay Russell, dated December 23, 1994, consisting of 3 pages. The Service asserts executive privilege for the entire document because it focuses on the particular issues debated, reflects tentative positions to be taken in the next draft of the section 701 final regulations as well as the author's recommendations and views on those positions.

**Bates No. 780**. Memorandum from Claire E. Toth to Mary Berman, Bernard Bress, Attorney, Passthroughs and Special Industries, Michael Danilack, Paul C. Feinberg, Ronald Gootzeit, Attorney, International, Monte A. Jackel, Glen Kohl, Paul F. Kugler, Harve Lewis, Richard H. Manfreda, Dianna Miosi, Margaret O'Connor, John Rooney, Office of Tax Legislative Counsel, D. Lindsay Russell, Maura Sullivan, Michael Thomson and Curtis G. Wilson, dated November 22, 1994, consisting of 1 page, offering an overview of the changes made to an attached draft of the final regulations under section 701 submitted for their comment. The portion of the document for which the Service asserts executive privilege consists of the final two sentences of the second full paragraph of text because it reflects a recommendation that had been made by one reviewer and how the initiator addressed that recommendation in the draft final regulations being circulated.

**Bates Nos. 781-801**. Draft of final regulations under section 701, consisting of 21 pages, dated November 22, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates No. 802**. Page 1 of a redline version of a partial draft of final regulations under section 701, dated November 16, 1994, not including text of the preamble. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates No. 803**. This is a duplicate of Bates No. 780. The Service asserts executive privilege for the same reason as asserted for Bates No. 780.

**Bates Nos. 804-824**. Partial draft of final regulations under section 701, consisting of 21 pages, dated November 22, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 825-832**. Redline version of a draft of the text of final regulations under section 701, consisting of 8 pages, dated November 16, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 833-861**. This is a duplicate of Bates Nos. 193-221. The Service asserts executive privilege for the same reason as asserted for Bates Nos. 193-221.

**Bates Nos. 863-866**. This is a duplicate of Bates Nos. 174-176 and 192. The Service asserts executive privilege for the same reason asserted for Bates Nos. 174-176 and 192.

**Bates No. 914**. This is a duplicate of Bates No. 712. The Service asserts executive privilege for the same reason as asserted for Bates No. 712.

**Bates Nos. 915-917**. This is a duplicate of Bates Nos. 713-715. The Service asserts executive privilege for the same reason as asserted for Bates Nos. 713-715.

**Bates Nos. 919-921**. This is a duplicate of Bates Nos. 717-719. The Service is asserting executive privilege for the same reason as asserted for Bates. Nos 717-719.

**Bates Nos. 922-924**. This is a duplicate of Bates Nos. 720-722. The Service is asserting executive privilege for the same reason as asserted for Bates. Nos 720-722.

**Bates Nos. 971-975**. Partial draft of a NPRM under section 701, drafted by Mary Berman, dated April 6, 1994, consisting of 5 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 977-978**. Pages 3 and 4 of a draft NPRM under section 701. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 980-982**. Pages 3, 4, and 5 of a draft NPRM under section 701, with handwritten comments on page 3 from an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM, as well as internal comments regarding such draft language.

**Bates Nos. 983-986**. Memorandum drafted by Mary Berman to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, Michael Thomson, Maura Sullivan, Claire E. Toth, Arthur Ernst, Thomas Hines, William P. O'Shea, Mary Berman, and D. Lindsay Russell, regarding the pros and cons for issuing regulations under section 701 as well as the pros and cons as to the scope of the regulation, dated April 18,

NPRM.

**Bates Nos. 1040-1051**. Draft of the NPRM under section 701 in redline format, undated, consisting of 12 pages. (The content indicates that it was drafted prior to a public hearing scheduled for September 1994.) The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 1053-1068**. Draft of the NPRM under section 701 in redline format, undated, consisting of 16 pages. (The content indicates that it was drafted prior to a public hearing scheduled for September 1994.) The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 1070-1082**. Draft of the NPRM under section 701 in redline format, undated, consisting of 16 pages. (The content indicates that it was drafted prior to a public hearing scheduled for September 1994.) The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 1098-1103**. Early draft of final regulations under section 701, in outline form, prepared by Monte Jackel, undated, consisting of 6 pages, with handwritten comments (apparently by Paul Kugler) throughout and "Kugler September '94" written on the first page. The Service asserts executive privilege for the entire document because it consists of draft language of, and comments for, the final regulations.

**Bates Nos. 1104-1107**. Early draft of final regulations under section 701, in a more fleshed out outline form, prepared by Monte Jackel, undated, consisting of 4 pages, with handwritten comments by an unidentified reviewer throughout. This appears to be a "very rough draft" of Bates Nos. 1098-1103. The Service asserts executive privilege for the entire document because it consists of draft language of, and comments for, the final regulations.

**Bates Nos. 1108-1113**. Early draft of final regulations under section 701, in outline form, prepared by Monte Jackel, dated September 8, 1994, consisting of 6 pages, with handwritten comments by David Haglund throughout. The Service asserts executive privilege for the entire document because it consists of draft language of, and comments for, the final regulations.

**Bates No. 1114**. Email from Claire E. Toth to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, Paul C. Feinberg, Maura Sullivan, Dianna Miosi, Mary Berman, and D. Lindsay Russell, dated September 8, 1994, regarding internal

1994, consisting of 4 pages. The Service asserts executive privilege for the entire document because it consists of the author's opinions as to the scope of, and draft language for, the proposed regulations.

**Bates Nos. 988-990**. Pages 6, 7, and 8 of a NPRM under section 701, labeled "draft" on top right corner of page 6. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 991-995**. Memorandum from Claire E. Toth to "Drafting Team, § 1.701-2", dated April 20, 1994, consisting of 5 pages, discussing the author's views of the pros and cons for drafting regulations under section 701 as well as the pros and cons as to the scope of the regulation. This is a different, but similar, version of Bates Nos. 983-986. The Service asserts executive privilege for the entire document because it consists of the author's opinions and interpretations for the consideration of the staff that would be responsible for drafting the proposed regulations.

**Bates Nos. 997-1009**. Draft of a NPRM under section 701, drafted by Mary Berman dated May 2, 1994, consisting of 13 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates No. 1010**. Memorandum from Claire E. Toth, to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, Maura Sullivan, Arthur Ernst, William P. O'Shea, Mary Berman, and D. Lindsay Russell, dated May 3, 1994, highlighting questions and comments of certain reviewers and soliciting further reactions from the recipients on a recent draft of the NPRM. The Service asserts executive privilege for the entire document because it consists of the various recipients' opinions and concerns about the existing draft.

**Bates Nos. 1011-1021**. Draft of the NPRM under section 701 in redline format, drafted by Mary Berman, dated May 3, 1994, consisting of 11 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 1022-1033**. Draft of the NPRM under section 701, drafted by Mary Berman, dated May 3, 1994, consisting of 12 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM.

**Bates Nos. 1034-1038**. Pages 8, 9, 10, 11, and 12 of a draft NPRM under section 701, drafted by Mary Berman, dated May 3, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the

comments received, her reactions thereto, and her solicitation of further comment with regard to the finalization of regulations under section 701. The email was written prior to a meeting scheduled for September 13 to further discuss the draft final regulations. The Service asserts executive privilege for the entire document because it consists the author's opinions on the position to be taken in the draft final regulations.

Bates Nos. 1116-1120. First 5 pages of the text of a draft of the final regulations under section 701, undated, drafted by Mary Berman. (It appears to have been circulated for comments on September 27, 1994, according to Bates No. 1115, which is being released to the plaintiffs.) The Service asserts executive privilege for the entire document because it consists of draft language for the regulations.

Bates Nos. 1122-1128. Draft of the text of the final regulations under section 701, undated, drafted by Mary Berman, consisting of 7 pages. (It appears to have been circulated for comments on September 29, 1994, according to Bates No. 1121, which is being released to the plaintiffs.) The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 1129-1135. Draft of the text of the final regulations under section 701, in redline format, undated, drafted by Mary Berman, consisting of 7 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 1136-1142. Draft of the text of the final regulations under section 701, dated November 15, 1994, drafted by Mary Berman, consisting of 7 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 1143-1150. Draft of the text of the final regulations under section 701, dated November 16, 1994, drafted by Mary Berman, consisting of 8 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 1152-1169. Partial draft of the final regulations under section 701, dated December 9, 1994, consisting of 18 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 1171-1201. Draft of the final regulations under section 701, dated December 2, 1994, consisting of 31 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final

regulations.

**Bates Nos. 1202-1218**. Pages 19 through 35 of a 35 page draft of the final regulations under section 701, undated. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1220-1254**. Draft of the final regulations under section 701, dated December 12, 1994, consisting of 35 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1256-1293**. Draft of the final regulations under section 701, dated December 18, 1994, consisting of 38 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1295-1337**. Draft of the final regulations under section 701 in redline format, dated December 20, 1994, consisting of 32 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1338-1376**. Draft of the final regulations under section 701, dated December 22, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1377-1387**. Pages 33 through 43 of a draft of the final regulations under section 701, in redline format, undated. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1388-1420**. Pages 1 through 33 of a draft of the final regulations under section 701, in redline format, dated December 22, 1994 (these 33 pages do not appear be the first 33 pages of Bates Nos. 1377-1387). The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1422-1458**. Draft of the final regulations under section 701, dated December 15, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 1461-1466**. Draft of a NPRM under section 701, drafted by Mary Berman, dated April 8, 1994, consisting of 6 pages, with handwritten comments of

an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for a NPRM and comments regarding such draft language.

**Bates No. 1467**. Page 9 of a draft NPRM under section 701, with handwritten comments by William P. O'Shea, dated April 29, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM and comments regarding such draft language.

**Bates No. 1468**. Page 2 of a memorandum outlining draft language for the NPRM under section 701, dated April 11, 1994, with handwritten comments by William P. O'Shea. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1469-1471**. Pages 3, 4, and 5 of a draft NPRM under section 701 with handwritten comments by Paul F. Kugler dated April 11, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1472-1475**. Pages 3, 4, 5, and 6 of a draft NPRM under section 701, undated, with handwritten comments of an unidentified reviewer (perhaps William O'Shea) throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM and comments regarding such draft language.

**Bates Nos. 1477-1480**. Partial draft of the NPRM under section 701, drafted by Mary Berman, dated April 13, 1994, consisting of 4 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1481-1483**. Pages 3, 4, and 5 of a draft NPRM under section 701 with handwritten comments of an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1485-1488**. Partial draft of the NPRM under section 701, drafted by Mary Berman, dated April 13, 1994, consisting of 4 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1489-1491**. Pages 3, 4, and 5 of a draft NPRM under section 701, undated, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1492-1500**. Draft of the NPRM under section 701, drafted by Mary Berman, dated April 18, 1994, consisting of 9 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1502-1504**. Pages 3, 4, and 5 of a draft NPRM under section 701, dated April 18, 1994, with handwritten comments by Monte Jackel throughout, dated April 19, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM and comments regarding such draft language.

**Bates Nos. 1505-1508**. Pages 3, 4, 5, and 6 of a draft NPRM under section 701 in redline format, dated April 18, 1994, reflecting the handwritten changes noted in Bates Nos. 1502-1504. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates No. 1510-1512**. Pages 3, 4, and 5 of a draft NPRM under section 701, dated April 18, 1994, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1513-1516**. Pages 3, 4, 5, and 6 of a draft NPRM under section 701 in redline format, dated April 18, 1994, reflecting the handwritten changes noted in Bates Nos. 1510-1512. The Service asserts executive privilege for the entire document because it consists of draft language for proposed regulation.

**Bates Nos. 1518-1520**. Pages 3, 4, and 5 of a draft NPRM under section 701, dated April 18, 1994, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1521-1524**. Pages 3, 4, 5, and 6 of a draft NPRM under section 701 in redline format, dated April 18, 1994, reflecting the handwritten changes noted in

Bates Nos. 1518-1520. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates Nos. 1526-1533**. Draft of the NPRM under section 701, drafted by Mary Berman, dated April 20, 1994, consisting of 8 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1536-1538**. Pages 6, 7, and 8 of a draft NPRM under section 701, dated April 20, 1994, with handwritten comments of an unidentified reviewer on pages 7 and 8. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1539-1543**. This is a duplicate of Bates Nos. 991-995. The Service asserts executive privilege for the entire document for the same reason as stated in Bates Nos. 991-995.

**Bates Nos. 1545-1547**. Pages 6, 7, and 8 of a draft NPRM under section 701, undated, with handwritten comments of an unidentified reviewer on page 7. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1548-1558**. Draft of the NPRM under section 701, drafted by Mary Berman, dated April 26, 1994, consisting of 10 pages with handwritten comments by Monte A. Jackel, dated April 27, 1994, included throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1559-1568**. Draft of the NPRM under section 701, drafted by Mary Berman, dated April 26, 1994, consisting of 10 pages, with handwritten comments by Paul F. Kugler, dated April 27, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1569-1578**. Draft of the NPRM under section 701, drafted by Mary Berman, dated April 26, 1994, consisting of 10 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1579-1590**. Draft of an issues memorandum for proposed regulations under section 701, drafted by Mary Berman, consisting of 12 pages with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of the author's and reviewer's views regarding the potential scope of the proposed regulations then being considered.

**Bates Nos. 1591-1602**. Draft of an issues memorandum for proposed regulations under section 701, drafted by Mary Berman, consisting of 12 pages with handwritten comments by an unidentified reviewer, throughout. The Service asserts executive privilege for the entire document because it consists of the author's and reviewer's views regarding the potential scope of the proposed regulations then being considered.

**Bates Nos. 1603-1614**. Draft of an issues memorandum for proposed regulations under section 701, drafted by Mary Berman, consisting of 12 pages, with handwritten comments by Lindsay Russell dated April 28, 1994. The Service asserts executive privilege for the entire document because it consists of the author's and reviewer's views regarding the potential scope of the proposed regulations then under consideration.

**Bates Nos. 1615-1626**. This is a duplicate of Bates Nos. 1603-1614. The Service asserts executive privilege for the entire document for the same reason asserted for Bates Nos. 1603-1614.

**Bates Nos. 1628-1637**. Pages 1-8, and 10-11 of a draft of the NPRM under section 701, dated April 28, 1994, with handwritten comments by Monte A. Jackel throughout. The Service asserts executive privilege for the entire document because it consists of the draft language for the proposed regulations and comments regarding such language.

**Bates Nos. 1638-1649**. Draft of an issues memorandum for proposed regulations under section 701, drafted by Mary Berman, dated April 28, 1994, consisting of 12 pages, with handwritten comments of an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of the author's and reviewer's views regarding the potential scope of the proposed regulations.

**Bates No. 1650**. Handwritten notes of an unidentified author regarding a draft of the proposed regulations under 701. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates Nos. 1652-1662**. Draft of the NPRM under section 701, drafted by Mary Berman, dated April 28, 1994, consisting of 11 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1663-1674**. Draft of an issues memorandum for proposed regulations under section 701, drafted by Mary Berman, dated April 28, 1994, consisting of 12 pages. The Service asserts executive privilege for the entire document because it consists of the author's views regarding the potential scope of the proposed regulations then under consideration.

**Bates Nos. 1676-1686**. Draft of a NPRM under section 701, drafted by Mary Berman, dated April 28, 1994, consisting of 11 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1687-1698**. Draft of an issues memorandum for proposed regulations under section 701, drafted by Mary Berman, dated April 28, 1994, consisting of 12 pages. The Service asserts executive privilege for the entire document because it consists of the author's views regarding the potential scope of the proposed regulations.

**Bates Nos. 1699-1702**. Pages 1 through 4 of a draft NPRM under section 701, drafted by Mary Berman, dated April 28, 1994, with handwritten comments by an unidentified reviewer, dated April 29, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1703-1713**. Draft of a NPRM under section 701 in redline format, drafted by Mary Berman, dated April 29, 1994, consisting of 11 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1714-1721**. Pages 5-12 of the draft NPRM under section 701, drafted by Mary Berman, undated, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1722-1733**. Draft of a NPRM under section 701 in redline format, drafted by Mary Berman, dated April 29, 1994, consisting of 12 pages, with additional handwritten comments by Monte A. Jackel throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1734-1744**. Draft of a NPRM under section 701, drafted by Mary Berman, dated May 2, 1994, consisting of 11 pages with handwritten changes (apparently by Monte Jackel). The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1745-1749**. Draft of a NPRM under section 701, drafted by Mary Berman, dated April 26, 1994, consisting of 5 pages, with handwritten comments of Monte A. Jackel, dated April 27, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1750-1761**. Draft of a NPRM under section 701 in redline format, drafted by Mary Berman, dated May 2, 1994, consisting of 12 pages, with additional handwritten comments by Maura Sullivan dated May 3, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1762-1768**. Pages 6-12 of a redline version of a draft NPRM under section 701, drafted by Mary Berman, undated, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1769-1773**. Pages 6-12 of a draft NPRM under section 701, drafted by Mary Berman, undated, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1774-1786**. Draft of a NPRM under section 701, drafted by Mary Berman, undated, consisting of 13 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations

and comments regarding such draft language.

**Bates Nos. 1787-1798**. Draft of a NPRM under section 701, drafted by Mary Berman, undated, consisting of 12 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1799-1811**. Draft of a NPRM under section 701, drafted by Mary Berman, dated May 2, 1994, consisting of 13 pages, with handwritten comments that appear to be those of Monte A. Jackel. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1812-1816**. Redline version of the preamble language of the NPRM under section 701, drafted by Mary Berman, dated May 2, 1994, consisting of 5 pages, with handwritten comments by Monte A. Jackel, dated May 2, 1994, and comments that reflect various Treasury Department personnel's input. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates No. 1817**. Cover memorandum for circulation of the draft NPRM under section 701, from Claire E. Toth to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, Maura Sullivan, Arthur Ernst, William P. O'Shea, Mary Berman and, D. Lindsay Russell, dated May 3, 1994, with a description of recent changes in the draft language of the proposed regulations, and comments concerning the same. The Service asserts executive privilege for the portions of the document that describes the recent changes to the draft language of the proposed regulations and the author's comment on them.

**Bates Nos. 1818-1828**. Redline version of a draft NPRM under section 701, drafted by Mary Berman, dated May 3, 1994, consisting of 11 pages, with additional handwritten comments by Monte A. Jackel throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1829-1840**. "Clean" draft version of a NPRM under section 701, drafted by Mary Berman, dated May 3, 1994, consisting of 12 pages. (It corresponds to the redline version at Bates Nos. 1818-1828.) The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates Nos. 1842-1854**. Draft of a NPRM under section 701, drafted by Mary Berman, dated May 2, 1994, consisting of 13 pages, with handwritten comments by an unidentified reviewer on pages 8-12. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulation and comments regarding such draft language.

**Bates No 1856-1868**. Draft of a NPRM under section 701, drafted by Mary Berman, dated May 2, 1994, consisting of 13 pages, with handwritten comments by an unidentified reviewer on pages 8-12. (These are different handwritten comments than Bates Nos. 1842-1854.) The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1869-1881**. Draft of a NPRM under section 701, drafted by Mary Berman, dated May 2, 1994, consisting of 13 pages, with handwritten comments by Maura Sullivan throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates No. 1882**. This is a duplicate of Bates No. 1817. The Service asserts executive privilege for the same reason as asserted for Bates No. 1817.

**Bates Nos. 1883-1893**. Redline version of a draft NPRM under section 701, drafted by Mary Berman, dated May 3, 1994, consisting of 11 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1894-1905**. "Clean" version of a draft NPRM under section 701, drafted by Mary Berman, dated May 3, 1994, consisting of 12 pages, with handwritten comments by an unidentified reviewer throughout. (It corresponds to the redline version at Bates Nos. 1883-1893.) The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1906-1917**. Draft of a NPRM under section 701, drafted by Mary Berman, undated, consisting of 12 pages, with handwritten comments by Monte A. Jackel, dated May 3, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1919-1925.** Fax from Michael Thomson to Mary Berman, dated May 4, 1994, consisting of pages 3-6 and 9-11 of an undated draft NPRM, with his handwritten changes throughout. The Service asserts executive privilege for the entire document since it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1926-1937.** Draft of a NPRM under section 701, undated, consisting of 12 pages, with additional handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 1938-1949.** Draft of a NPRM under section 701, undated, consisting of 12 pages. (The content indicates that it was drafted prior to a public hearing to be held on September 12, 1994, with outlines to be received by August 22, 1994.) The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates Nos. 1952-1963.** Draft of a NPRM under section 701, undated, consisting of 12 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates No. 1964.** This is a duplicate of Bates No. 336. The Service is asserting executive privilege for the same reason as asserted for Bates No. 336.

**Bates Nos. 1965-1977.** Draft of a NPRM under section 701 in redline format, dated May 5, 1994, consisting of 13 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates Nos. 1978-1990.** "Clean" version of a draft NPRM under section 701, dated May 5, 1994, consisting of 13 pages. (It corresponds to the redline version at Bates Nos. 1965-1977.) The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates No. 1991.** Page 4 of a redline version of a draft NPRM under section 701, undated, with additional handwritten comments by Paul Kugler. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

__Bates Nos. 1992-2004__. Draft of the NPRM under section 701, drafted by Mary Berman, dated May 2, 1994, consisting of 13 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

__Bates Nos. 2005-2032__. Two copies of a draft NPRM under section 701, dated May 5, 1994, consisting of 13 pages, with handwritten comments by Michael Thomson throughout, followed by 2 pages of suggested riders to be inserted. The Service asserts executive privilege for the entire document because it consists of draft language for the NPRM and comments regarding such draft language.

__Bates Nos. 2033-2045__. Draft of the NPRM under section 701, undated, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

__Bates Nos. 2046-2058__. Draft of the NPRM under section 701, dated May 5, 1994, consisting of 13 pages, with handwritten comments by an unidentified reviewer throughout and a handwritten notation that the comments reflect a meeting that occurred May 6, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

__Bates Nos. 2059-2060__. Pages 11 and 12 of a redline version of a draft NPRM under section 701, undated, with additional handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

__Bates No. 2061-2075__. Draft of a NPRM under section 701, undated, consisting of 16 pages, with handwritten comments by Michael Thomson throughout, and additional handwritten comments reflecting a May 6, 1994, meeting, followed by 2 pages of riders to be inserted, dated July 5, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

__Bates Nos. 2076-2103__. Two copies of a draft NPRM under section 701, undated, each consisting of 13 pages, with handwritten comments by Michael Thomson throughout, followed by one set of riders 2 pages in length to be inserted, with "May 6, 1994" being the latest date noted in handwriting. The Service asserts executive privilege for the entire document because it consists of draft language for the

proposed regulations and comments regarding such draft language.

**Bates Nos. 2105-2120**. Redline version of a draft NPRM under section 701, dated May 6, 1996, consisting of 16 pages, with additional handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates No. 2121**. Cover memorandum for a draft NPRM from Mary Berman to Monte A. Jackel, Paul F. Kugler, Richard H. Manfreda, Maura Sullivan, Claire E. Toth, and D. Lindsay Russell, dated May 6, 1994, with handwritten comments of an unidentified reviewer. The Service asserts executive privilege for the handwritten comments as they consist of the author's views regarding changes to the draft language of the proposed regulations from provisions then under consideration by the recipients.

**Bates Nos. 2122-2137**. Redline version of a draft NPRM under section 701, dated May 6, 1994, consisting of 16 pages, with additional handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 2138-2149**. Redline version of a draft NPRM under section 701, undated, consisting of 12 pages, with additional handwritten comments by Monte A. Jackel, dated May 5, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 2151-2162**. Redline version of a draft NPRM under section 701, dated May 6, 1994, consisting of 12 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 2164-2179**. Redline version of a draft NPRM under section 701, dated May 6, 1994, consisting of 16 pages, with additional handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 2181-2193**. Redline version of a draft NPRM under section 701, dated May 9, 1994, consisting of 13 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire

document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 2194-2206**. Redline version of a draft NPRM under section 701, undated, consisting of 13 pages, with additional handwritten comments by Monte A. Jackel, dated May 9, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding such draft language.

**Bates Nos. 2208-2220**. Redline version of a draft NPRM under section 701, dated May 9, 1994, consisting of 13 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates Nos. 2222-2223**. Memorandum regarding concerns voiced with regard to the section 1.701-2 proposed regulations, consisting of 2 pages, from Claire E. Toth to Philip Howard, Counsel to the Assistant Chief Counsel, Passthroughs & Special Industries, copies to Paul Kugler, Monte Jackel and Fred F. Murray, Staff Assistant to the Chief Counsel, dated May 16, 2004. The Service asserts executive privilege for the entire document because it consists of selective comments received so far and how the author recommends the Service respond to the comments, should the questions arise during a confirmation hearing of the Chief Counsel-designate.

**Bates Nos. 2225-2235**. This is a duplicate of Bates Nos. 1548-1558. The Service asserts executive privilege for the same reason as asserted for Bates Nos. 1548-1558.

**Bates Nos. 2240-2242**. Pages 6, 7, and 8 of a draft NPRM under section 701, undated, labeled "draft" on top right corner of page 6 with handwritten comments by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations.

**Bates Nos. 2243-2247**. This is a duplicate of Bates Nos. 991-995. The Service asserts executive privilege for the same reason as asserted for Bates Nos. 991-995.

**Bates No. 2253**. Email dated April 21, 1994, from Claire E. Toth to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, and Maura Sullivan, forwarding Margaret O'Connor's comments on a recent draft of the proposed regulations under section 701. The Service asserts executive privilege for the entire document because it consists of the reviewer's comments regarding the draft language of the proposed regulations.

**Bates No. 2254**. Email chain, dated April 21, 1994, between Claire E. Toth and Monte A. Jackel discussing the scope of the draft NPRM under section 701 then under consideration, and consideration of a particular example for possible inclusion in the proposed regulations. The Service asserts executive privilege for the entire document because it consists of the authors' opinions of, and possible language for, the draft proposed regulations.

**Bates No. 2255**. Email, dated April 20, 1994, from Claire E. Toth to Monte A. Jackel, discussing the scope of the draft NPRM under section 701 then under consideration. The Service asserts executive privilege for the entire document because it consists of the authors' opinions and interpretations regarding the draft proposed regulations.

**Bates Nos. 2257-2258**. Pages 3 and 4 of a draft NPRM under section 701, dated April 14, 1994, with handwritten comments by Monte A. Jackel throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding the draft proposed regulations.

**Bates Nos. 2260-2263**. Memorandum from Claire E. Toth to Paul F. Kugler, Monte A. Jackel, Richard H. Manfreda, Mike Thomson, Maura Sullivan, Mary Berman, and D. Lindsay Russell, dated April 7, 1994, consisting of 4 pages, titled "Partnership anti-abuse regulation issues memo." The Service asserts executive privilege for the entire document because it frames several issues as to the scope of the proposed regulations then under consideration by the recipients and reflects the author's views.

**Bates Nos. 2264-2269**. Draft of a NPRM under section 701, drafted by Mary Berman, dated April 8, 1994, consisting of 6 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments on such draft language.

**Bates Nos. 2270-2271**. Two undated pages of notes from an unidentified reviewer, regarding some language for possible inclusion in the proposed regulations under section 701. There are additional handwritten comments by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments on such draft language.

**Bates Nos. 2272-2274**. Memorandum from Claire E. Toth to "Distribution" (which is not identified in the memorandum), dated April 6, 1994, consisting of 3 pages,

titled "1.701-2 Issues." The Service asserts executive privilege for the entire document because it consists of the author's opinions as to the scope of the proposed regulations then under consideration by the recipients.

**Bates Nos. 2275-2279**. Draft of the NPRM under section 701, dated April 6, 1994, consisting of 5 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding the draft proposed regulations.

**Bates Nos. 2281-2285**. Draft text of the NPRM under section 701, drafted by Mary Berman, dated September 27, 1994, consisting of 5 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the proposed regulations and comments regarding the draft proposed regulations.

**Bates Nos. 2286-2292**. Draft of text of final regulations under section 701, drafted by Mary Berman, undated (although there is a handwritten "September 29, 1994" in the upper right hand corner of the first page), consisting of 7 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2293-2299**. Draft of text of final regulations under section 701, drafted by Mary Berman, undated, consisting of 7 pages, with handwritten comments by Paul Kugler throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2300-2305**. This is a clean duplicate of Bates Nos. 1098-1103. The Service asserts executive privilege for the entire document for the same reason as asserted for Bates Nos. 1098-1103.

**Bates Nos. 2306-2311**. Draft of text of final regulations under section 701, drafted by Mary Berman, undated, consisting of 6 pages, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2312-2317**. This is a duplicate of Bates Nos. 1098-1103, with a handwritten notation that this is the version produced by Monte A. Jackel, consisting of 6 pages. The Service asserts executive privilege for the entire

document for the same reason as asserted for Bates Nos. 1098-1103.

**Bates Nos. 2318-2333**. Draft of final regulations under section 701, undated, consisting of 16 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2334-2342**. Draft of text of final regulations under section 701, drafted by Mary Berman, dated November 16, 1994, consisting of 8 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2343-2352**. Draft of the text of final regulations under section 701, drafted by Mary Berman, dated November 9, 1994, consisting of 10 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates No. 2353**. This is a duplicate of Bates No. 780. The Service asserts executive privilege for the same reason as asserted for Bates No. 780.

**Bates Nos. 2354-2374**. Draft of final regulations under section 701, dated November 22, 1994, consisting of 21 pages, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2375-2382**. Redline version of the text of draft final regulations under section 701, drafted by Mary Berman, dated November 16, 1994, consisting of 8 pages, with additional handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 2383**. This is a duplicate of Bates No. 780. The Service asserts executive privilege for the same reason as asserted for Bates No. 780.

**Bates Nos. 2384-2404**. Draft of text of final regulations under section 701, dated November 22, 1994, consisting of 21 pages, with handwritten comments by Monte A. Jackel throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and

comments regarding the draft final regulations.

Bates Nos. 2405-2412. Redline version of the text of draft final regulations under section 701, drafted by Mary Berman, dated November 16, 1994, consisting of 8 pages, with additional handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 2413-2423. Pages 7 through 17 of text of draft final regulations under section 701, undated, with handwritten comments by Lindsay Russell dated November 29, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

Bates Nos. 2424-2426. Pages 25 through 27 of text of draft final regulations under section 701, undated. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 2427-2450. Draft final regulations under section 701, for a prospective circulation in "December 1994," with handwritten comments by Claire E. Toth dated "11/30." The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 2451-2454. Pages 18 through 21 of draft final regulations under section 701, undated, with handwritten comments by an unidentified reviewer, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

Bates Nos. 2455-2457. Pages 28 through 30 of draft final regulations under section 701, undated. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

Bates Nos. 2458-2474. Draft of final regulations under section 701, undated, consisting of 17 pages, with handwritten comments by Claire E. Toth, dated November 22, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

Bates Nos. 2475-2490. Draft of final regulations under section 701, consisting of 16 pages, undated, with handwritten comments by Claire E. Toth. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final

regulations.

**Bates Nos. 2491-2511**. Draft of final regulations under section 701, dated November 22, 1994, consisting of 21 pages, with handwritten comments by an unidentified reviewer throughout. The draft bears a handwritten "12/1" and contains a fax imprint dated November 23, 1994, and was sent from the office of the Associate Chief Counsel (Domestic). The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 2512**. Draft of an example for possible inclusion in the final regulations under section 701, dated November 15, 1994, prepared by an unidentified author, with a handwritten comment by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for possible use in the final regulations.

**Bates Nos. 2515-2520**. This is a duplicate of Bates Nos. 2300-2305 with a notation that it was received from Monte A. Jackel on August 17, 1994. The Service asserts executive privilege for the entire document for the same reason as asserted for Bates Nos. 2300-2305.

**Bates Nos. 2522-2526**. Draft of the text of final regulations under section 701, consisting of 5 pages, drafted by Mary Berman, dated September 27, 1994, with handwritten comments by Monte A. Jackel throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2527-2536**. Draft of the text of final regulations under section 701, consisting of 10 pages, drafted by Mary Berman, dated November 9, 1994, with handwritten notation that it is "Treasury's version 11/14." The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 2537-2542**. Draft of examples for possible inclusion in the final regulations under section 701, dated November 22, 1994, consisting of 6 pages with handwritten comments by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2544-2579**. Draft of the text of final regulations under section 701, consisting of 31 pages, dated December 2, 1994, with handwritten comments by Monte A. Jackel throughout. There are 2 pages numbered 5 and there is material written on the reverse of pages 5, 8, 18, and 24. The Service asserts executive

privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2580-2611**. Draft of final regulations under section 701, consisting of 31 pages, dated December 2, 1994, with handwritten comments by Claire E. Toth throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2612-2641**. Draft of final regulations under section 701, consisting of 31 pages, dated December 2, 1994, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2642-2672**. Draft of final regulations under section 701, consisting of 31 pages, dated December 2, 1994, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2673-2705**. Draft of final regulations under section 701, consisting of 32 pages, dated December 5, 1994, with handwritten comments by Michael Thomson throughout, and 1 page containing riders for insertion. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2708-2743**. Redline version of draft of final regulations under section 701, consisting of 36 pages, dated December 5, 1994, with additional handwritten comments by Paul Kugler throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 2744-2780**. Draft of final regulations under section 701, consisting of 35 pages, dated December 8, 1994, with handwritten comments by Claire E. Toth throughout. Pages 6 and 7 of another draft are inserted between pages 20 and 21 of this draft. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 2782**. Memorandum with comments on a recent draft of final regulations under section 701 from Gary Canatsey, Industry Specialization

Program (ISP) Branch, Internal Revenue Service, to Nick Donato, Partnership/Issue Specialist, Internal Revenue Service, dated December 8, 1994. The Service asserts executive privilege for the entire document because it attaches the document described at Bates Nos. 2783-2787, and offers some suggestions as to ways in which the draft final regulations then under consideration could address the concerns reflected in the memorandum.

**Bates Nos. 2783-2787**. Memorandum from the Assistant Chief Counsel for Corporate and Passthroughs and Special Industries to "Distribution" (although not identified, it was transmitted with Bates No. 2782) dated April 9, 1991, setting forth potentially abusive situations where a principal purpose of establishing a partnership is to obtain a significant tax savings, consisting of 5 pages. The Service asserts executive privilege for the entire document because it discusses an area of concern being addressed in the draft final regulations.

**Bates Nos. 2788-2822**. Draft of final regulations under section 701, consisting of 35 pages, dated December 9, 1994, with handwritten comments by Claire E. Toth. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft regulations.

**Bates Nos. 2824-2860**. Draft of final regulations under section 701, consisting of 35 pages, dated December 9, 1994, with handwritten comments by Michael Thomson throughout and additional pages inserted after pages 24 and 34. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2862-2898**. This is a duplicate of Bates Nos. 2824-2860. The Service asserts executive privilege for the same reasons as asserted in Bates Nos. 2824-2860.

**Bates Nos. 2900-2934**. Draft of final regulations under section 701, consisting of 35 pages, dated December 9, 1994, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 2935-2976**. Redlined version of a draft of final regulations under section 701, consisting of 42 pages, dated December 12, 1994, with additional handwritten comments by Claire E. Toth, dated December 12, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the

draft final regulations.

**Bates Nos. 2977-3005**. Pages 1-25 and 31-34 of a draft of final regulations under section 701, dated December 12, 1994, with handwritten comments by Monte A. Jackel, dated December 14, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3006-3046**. Redline version of a draft of final regulations under section 701, consisting of 41 pages, dated December 12, 1994, with additional handwritten comments by Claire Toth throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3047-1—3047-35**. Draft of final regulations under section 701, consisting of 35 pages, dated December 12, 1994, with handwritten comments by Monte A. Jackel, dated December 13, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3047-36—3047-42, 3048-3063**. Pages 14 through 35 of a draft of final regulations under section 701, undated with handwritten comments by Monte A. Jackel, dated December 14, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3065-3086**. Pages 14 through 35 of a draft of final regulations under section 701, undated (the typewritten text is identical to Bates Nos. 3047-36 - 3047-42, 3048-3063) with different handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3087-3108**. Redlined version of pages 14 through 35 of a draft of final regulations under section 701, undated, with additional handwritten comments by an unidentified reviewer, although there is a handwritten notation "Treasury's versions 12/14/94" and Claire Toth's initials. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3110-3131**. Pages 1, and 3 through 23 of a redline version of draft final regulations under section 701, dated December 12, 1994, with additional handwritten comments by Mike Thomson throughout. The Service asserts

executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**<u>Bates Nos. 3133-3147</u>**. Draft of the preamble to the final regulations under section 701, dated December 15, 1994, consisting of 13 pages, with handwritten comments throughout and 2 pages of riders to be inserted offered by Michael Thomson. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**<u>Bates Nos. 3148-3162</u>**. Draft of the preamble to final regulations under section 701, dated December 15, 1994, consisting of 15 pages, with handwritten comments by Monte A. Jackel dated December 15, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**<u>Bates Nos. 3163-3201</u>**. Pages 1-5, 7, 9-17, 19-42 of a redline version of draft final regulations under section 701, dated December 15, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**<u>Bates Nos. 3203-3213</u>**. Pages 1 through 10 of a draft of the preamble to the final regulations under section 701, dated December 18, 1994, with handwritten comments by Treasury personnel throughout and 1 page of riders to be inserted. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**<u>Bates Nos. 3215-3227</u>**. Pages 11, 12, 12A, 13 through 16, 18 through 21, 34, and (another) 16 (with a handwritten notation) of draft final regulations under section 701, with handwritten comments by Treasury personnel throughout, transmitted on December 19, 1994. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**<u>Bates No. 3229</u>**. Page 17 of draft final regulations under section 701, with handwritten comments by Treasury personnel. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**<u>Bates Nos. 3230-3266</u>**. Draft of final regulations under section 701, dated December 15, 1994, consisting of 37 pages, with handwritten comments by Monte

A. Jackel, dated December 15, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates No. 3267**. Page 45 of a redline version of draft final regulations under section 701, undated, with additional handwritten comments by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3268-3271**. Pages 14 through 17 of draft final regulations under section 701, undated, with handwritten comments on pages 16 and 17 by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3272-3273**. Draft example for possible inclusion in final regulations under section 701, undated, consisting of 2 pages, with handwritten comments by an unidentified reviewer, although there is a handwritten notation that this is "from International." The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3274-3311**. Draft of final regulations under section 701, dated December 18, 1994, consisting of 38 pages, with handwritten comments by Monte A. Jackel, dated December 19, 1994, and Claire E. Toth throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3312-3350**. Draft of final regulations under section 701, dated December 19, 1994, consisting of 39 pages, with handwritten comments in top right corner reading "Clean Copy" "M." The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations

**Bates Nos. 3351-3390**. Pages 1-35 and 37-41 of a redline version of a draft of final regulations under section 701, consisting of 41 pages, dated December 19, 1994, with handwritten comments by an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3391-3429**. Draft of final regulations under section 701, dated

December 19, 1994, consisting of 39 pages. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations.

**Bates Nos. 3430-3457**. Pages 1 through 12 and 26 through 41 of a 41-page draft of final regulations under section 701, dated December 19, 1994, with handwritten comments by Monte A. Jackel, dated December 20, 1994, throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3459-3472**. Pages 1 and 13 through 25 of a redline version of a draft of final regulations under section 701, dated December 20, 1994, with handwritten comments of an unidentified reviewer throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3473-3514**. Pages 2 through 43 of a 43-page redline version of a draft of final regulations under section 701, undated, with additional handwritten comments by an unidentified reviewer. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3517-3557**. Redline version of a draft of final regulations under section 701, consisting of 41 pages, dated December 19, 1994, with additional handwritten comments of an unidentified reviewer throughout. There is a handwritten notation apparently referring to an upcoming meeting on "2/20 9:00 am" at which the draft will be discussed. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3558-3598**. Redline version of a draft of final regulations under section 701, consisting of 41 pages, dated December 19, 1994, with Paul Kugler's and Monte Jackel's handwritten comments throughout. The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.

**Bates Nos. 3599-3640**. Redline version of a draft of final regulations under section 701, consisting of 41 pages, dated December 19, 1994, with additional handwritten comments and 1 page of riders to be inserted by an unidentified reviewer (but perhaps Michael Thomson). The Service asserts executive privilege for the entire document because it consists of draft language for the final regulations and comments regarding the draft final regulations.