IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KLAMATH STRATEGIC INVESTMENT FUND, LLC | § | |
| VS. | § | CIVIL ACTION NO. 5:04-CV-278 |
| UNITED STATES OF AMERICA | § | |

**ORDER**

The court grants in part and denies in part the plaintiffs' motion to compel the production of documents (#90). The motion challenges the government's assertion of the deliberative process privilege. The deliberative process privilege protects "predecisional materials 'reflecting deliberative or policy-making processes,' but not materials that are 'purely factual.'" *Skelton v. United States Postal Service*, 687 F.2d 35, 38 (5th Cir. 1982)(*quoting EPA v. Mink*, 410 U.S. 73, 87-89 (1973)). To assess the applicability of the privilege, the court ordered an *in camera* review of the documents at issue in the motion to compel. The court has reviewed the documents tendered by the government, and the court sustains the government's claims of privilege with respect to all of the documents, including those that were redacted on those grounds. In addition, the court finds that the government has appropriately claimed the privilege. *Marriott International Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006); *see also Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882-83 (5th Cir. 1981).

Other documents tendered by the government were redacted, apparently to protect certain privacy interests. The court orders these documents produced, in unredacted form, to counsel for

the plaintiffs in this case. Such documents shall be marked confidential and shall be disclosed only to the attorneys representing the plaintiffs, pursuant to the terms of the court's Protective Order (See dkt. # 18). These documents include: Binder 7, documents numbered 3382, 3537, and 3549; Binder 8, document numbered 4850-4867; and Binder 9, documents numbered 7791, 7871, 7940, 7945, 7946, 7986, and 7988.

Finally, the government asserts, in conjunction with its claims of deliberative process privilege, a separate statutory privilege against the disclosure of third party return information. 26 U.S.C. § 6103. The government claims this privilege with respect to three of the documents. The plaintiffs do not appear to be challenging the government's assertion of that statutory privilege, and the court, having reviewed the documents at issue, concludes that the government's assertion is proper and declines to order the documents produced.

SIGNED this 19th day of September, 2006.

T. John Ward

T. JOHN WARD
UNITED STATES DISTRICT JUDGE