**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MARRIOTT INTERNATIONAL RESORTS, L.P., MARRIOTT INTERNATIONAL JBS CORPORATION, Tax Matters Partner,** | |
| **Plaintiffs,** | **Nos. 01-256T and 01-257T** |
| | **Judge Charles F. Lettow** |
| **v.** | |
| **THE UNITED STATES,** | |
| **Defendant.** | |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S SUPPLEMENTAL BRIEF**

Plaintiffs Marriott International Resorts, L.P., Marriott International JBS Corp., Tax Matters Partner ("Marriott"), respectfully submit this response to Defendant's September 29, 2006, Supplemental Brief In Opposition To Plaintiff's Motion To Compel Production Of Documents Withheld Or Redacted Based On Deliberative Process Privilege ("Supplemental Brief").

In its Supplemental Brief, Defendant cites an unpublished order by Judge Williams from Jade Trading, LLC v. United States, No. 03-2164T (Fed. Cl. Aug. 15, 2005). A copy of such unpublished order is appended as Exhibit 1 to the Appendix submitted with Defendant's Supplemental Brief.

Marriott's counsel was previously unaware of the above-referenced unpublished order by Judge Williams. Upon reviewing Judge Williams' order, Marriott believes it is important to point out that, with the exception of a single

document, the documents discussed in Judge Williams' order are not the withheld or redacted documents currently before the Court.

Specifically, 87 of the 89 documents referenced in Judge Williams' unpublished order deal with the proposed adoption of Treas. Reg. § 1.701-2.[1] As the Court will note from Ms. Stevens' Declaration in this case (Exhibit D in Marriott's Appendix of Exhibits), none of the documents listed in Ms. Stevens' Declaration is identified as relating to the proposed adoption of Treas. Reg. § 1.701-2.[2]

Of the remaining two documents referenced by Judge Williams, one is the "Helmer/Cram memo" which the IRS produced to Marriott in this case (see Exhibit B to Marriott's Appendix of Exhibits) and as to which the IRS never asserted deliberative process privilege in this case. The final document is a document drafted by Ms. Mary Berman (Bates no. 10997-99), which is listed on page 53 of Ms. Stevens' Declaration (Appendix of Exhibits, at 203). This document appears to be

---

[1] This regulation does not involve the definition of "liability," but consists of number of provisions generally known as the Partnership Anti-Abuse Rules.

[2] In its Production of Documents Request, Marriott requested that Defendant produce: "All documents prepared by or for [the IRS] which contain any discussion, analysis or summary, or otherwise express a position, relating to the application or potential application of the anti-abuse rules under Treasury Regulation §1.701-2 to transactions which were initiated prior to May 12, 1994, but which were not completed until after May 12, 1994." See Request No. 19 in "Plaintiff's First Request for Production of Documents," appended as Exhibit C-1 in Marriott's Appendix of Exhibits (at 14-15). While Defendant "reserve[d]" a claim of executive privilege in its response (see Exhibit C-2 in Marriott's Appendix of Exhibits, at 30), no pertinent claims of executive privilege were invoked by Ms. Stevens in her Declaration in this case – at least insofar as Marriott's counsel can determine.

the only document referenced in Judge Williams' unpublished order that was also withheld in this case.

Finally, one cannot determine from Judge Williams' unpublished order whether the various issues that have now been briefed to this Court were fully briefed in Jade Trading. Rather, it appears that the parties by stipulation requested Judge Williams to review 89 selected documents in camera to determine whether the documents were truly pre-decisional and deliberative, and whether Jade Trading's need for those documents outweighed the IRS's interest in maintaining the confidentiality of the documents. In that regard, it is important to note that the transactions at issue in Jade Trading occurred in 1999[3] – well after the IRS issued Rev. Rul. 95-26, in which it set forth the change of position regarding the meaning of "liability" under I.R.C. § 752 that is pertinent to Marriott's 1994 short sale transaction.

Respectfully submitted,

October 6, 2006

s/Robert L. Willmore

Harold J. Heltzer (Attorney of Record)
Robert L. Willmore
Alex E. Sadler
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 624-2915
Fax: (202) 628-5116

Counsel for Plaintiffs

---

3 See Jade Trading, LLC v. United States, 65 Fed. Cl. 487, 489 (2005).